**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6027

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCELLUS EDWARD CHEATHAM, III,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr. Senior District Judge. (4:12-cr-00111-HCM-LRL-1; 4:16-cv-00030-HCM)

Submitted: September 26, 2019                     Decided: September 30, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Marcellus Edward Cheatham, III, Appellant Pro Se. Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellus Edward Cheatham, III, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Cheatham has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[*] This appeal was held in abeyance for *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition of crime of violence in 18 U.S.C. § 924(c)(3)(B) (2012) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336; *accord United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc), *petition for cert. docketed*, 87 U.S.L.W. 3427 (U.S. Apr. 24, 2019) (No. 18-1338). However, we recently held that Hobbs Act robbery qualifies as a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A), which remains intact after *Davis*. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

2

are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*